UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

IN RE:
1970 CHEVROLET CHEVELLE,
2004 39' MARINE TECHNOLOGY INC VESSEL WITH MOTORS, AND
2012 RAM INVESTMENTS OF SOUTH FLORIDA SEAVEE
VESSEL WITH MOTORS & TRAILER
_____/

UNITED STATES OF AMERICA'S MOTION FOR ENLARGEMENT OF TIME TO
FILE CIVIL FORFEITURE COMPLAINT OR
TO ALLEGE CRIMINAL FORFEITURE

Pursuant to 18 U.S.C. § 983(a)(3)(A), the United States of America (the "United States") files this *Unopposed Motion for Enlargement of Time to File Civil Forfeiture Complaint or to Allege Criminal Forfeiture*.  In support of this Motion, the United States alleges as follows:

1. On or about December 1, 2023, Federal Bureau of Investigation ("FBI") agents seized, incident to the execution of a search warrant, the following:

- A 1970 Chevrolet Chevelle ("1970 Chevelle");

- A 2004 39' Marine Technology Inc Vessel with Motors ("2004 39' MTI Vessel"); and

- A 2012 Ram Investments of South Florida Sea Vee Vessel with Motors & Trailer ("2012 SeaVee Vessel and Trailer" and, collectively with the 1970 Chevelle and 2004 39' MTI Vessel, the "Seized Property").

2. The FBI initiated administrative forfeiture proceedings and sent written notices of seizure to potential claimants in accordance with 18 U.S.C. § 983(a)(1)(A).  The Seized Property was assigned CATS Nos. 24-FBI-001482 (2004 39' MTI Vessel), 24-FBI-001483 (1970 Chevelle), and 24-FBI-001485 (2012 SeaVee Vessel and Trailer) respectively.

3. On or around February 28, 2024, the FBI received a claim to the 2004 39' MTI

Vessel and 2012 SeaVee Vessel and Trailer filed by John Strama ("Claimant," and, collectively with the United States, the "Parties"), through his counsel, Samuel Rabin, Esq., and the FBI subsequently referred this matter to the U.S. Attorney's Office for the Southern District of Florida.

4. On the above-referenced claim form, Claimant indicated that he is not pursuing a claim to the 1970 Chevelle. The FBI is currently in the process of administratively forfeiting the 1970 Chevelle, and this administrative forfeiture has not been finalized as of the filing of this Motion.

5. The time has expired for any person to file a claim to the Seized Property under 18 U.S.C. § 983(a)(2)(A)-(E).  No other person has filed a claim to the property as required by law in the nonjudicial civil forfeiture proceeding.

6. Pursuant to 18 U.S.C. § 983(a)(3), within 90 days after a claim is filed, the United States is required to file a civil forfeiture complaint or obtain a criminal indictment containing an allegation that the property is subject to forfeiture.  Ninety days from February 28, 2024, which is the date when the FBI received the Claimant's claim, yields a deadline of May 28, 2024. However, the Court may extend the period for filing a civil forfeiture complaint for good cause shown or upon agreement of the Parties.[1]

---

[1] The statute, in relevant part, reads:

> (A) Not later than 90 days after a claim has been filed, the Government shall file a complaint for forfeiture in the manner set forth in the Supplemental Rules for Certain Admiralty and Maritime Claims or return the property pending the filing of a complaint, except that a court in the district in which the complaint will be filed may extend the period for filing a complaint for good cause shown or upon agreement of the parties.

18 U.S.C. § 983(3)(A).

7. Claimant, through Claimant's counsel Samuel Joseph Rabin, Jr., Esq., objects to the extension of time requested herein as Claimant alleges that he needs to temporarily regain possession of his working vessel for employment purposes until the forfeiture matter is resolved.

8. The United States needs additional time to evaluate the basis of the Claimant's claim and expects that the Seized Property will be subject to criminal forfeiture in a criminal case that is anticipated to be indicted within the upcoming months. The United States alleges that returning the Seized Property, in particular any vessel, would jeopardize its availability for forfeiture as it could be lost or destroyed, even if in an accident.

9. Nonetheless, the United States will continue to communicate with Claimant's counsel to ascertain whether this matter may be resolved without litigation.

10. The United States submits that there is good cause to extend the deadline from May 28, 2024, to August 26, 2024, for the reasons set forth herein.

WHEREFORE, the United States respectfully requests that the Court grant this motion and provide that the United States will have through and including August 26, 2024, to file a civil forfeiture against approximately Seized Property or to allege criminal forfeiture of such property. A proposed order is attached.

(This portion of the page is intentionally left blank.)

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1, I, the undersigned Assistant United States Attorney, hereby certify that I have conferred with claimant's counsel, Samuel Joseph Rabin, Jr., Esq., via e-mail on May 24, 2024, and there is an objection to the relief sought herein.

Respectfully submitted,

**MARKENZY LAPOINTE**
**UNITED STATES ATTORNEY**

By:  *s/ Annika M. Miranda*
Annika M. Miranda
Assistant United States Attorney
Florida Bar No. 64975
99 N.E. 4th Street, 7th Floor
Miami, Florida 33132-2111
Telephone: (305) 961-9303
Facsimile: (305) 536-4089
annika.miranda@usdoj.gov

4