UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE № 24-MC-22030

IN RE:
1970 CHEVROLET CHEVELLE,
2004 39' MARINE TECHNOLOGY INC VESSEL WITH MOTORS, AND
2012 RAM INVESTMENTS OR SOUTH FLORIDA SEAVEE
VESSEL WITH MOTORS & TRAILER
_____/

## RESPONSE TO GOVERNMENT'S MOTION FOR CLARIFICATION REGARDING ORDER ON UNITED STATES' MOTION FOR ENLARGEMENT OF TIME AND FOR ENLARGEMENT OF TIME TO ALLEGE FORFEITURE

COMES NOW, Claimant **JOHN STRAMA**, by and through undersigned counsel, and hereby files this Response to the Government's Motion for Clarification Regarding Order on United States' Motion for Enlargement of Time and for Enlargement of Time to Allege Forfeiture (DE 7).

### I. PROCEDURAL HISTORY

1. On or about December 1, 2023, agents with the Federal Bureau of Investigation ("FBI") seized the following vessels and vehicle:

   - A 1970 Chevrolet Chevelle;
   - A 2004 39' Marine Technology Inc Vessel with Motors; and
   - A 2012 Ram Investments of South Florida Sea Vee Vessel with Motors and Trailer.

2. On or about May 24, 2024, Government counsel, Assistant United States Attorney Annika Miranda, emailed the undersigned seeking counsel's position on her filing of an enlargement of time to file a civil forfeiture complaint or to allege criminal

---
Response to Government's Motion for Clarification
Page 1 of 7

forfeiture of the property listed above.  Claimant **STRAMA** advised the Government that he was not seeking return of the 1970 Chevrolet Chevelle motor vehicle so that is not at issue in this Response.

      3.      In response to AUSA Miranda's May 24th email, we advised that we would not oppose the Government's request for an extension to file for forfeiture if the Government would allow Mr. Strama to temporarily regain possession of the 2012 Ram Sea Vee Vessel with motors and trailer because it is an income producing, working vessel that he could use for employment purposes until the forfeiture issues were resolved.  The Government did not agree.  Therefore, undersigned objected to the motion.

      4.      On or about August 27, 2024, the Government filed a second motion for enlargement of time to file a civil forfeiture complaint and for enlargement of time to allege forfeiture, to which undersigned counsel objected for the same reason, to wit: Claimant **STRAMA** should be permitted to use 2012 Sea Vee until forfeiture issues are resolved.  To be clear, we submit the Government is not prejudiced by temporarily returning the vessel to Claimant **STRAMA** and to the contrary, the vessel will be used and maintained in good working order instead of sitting in storage and deteriorating.

      5.      Finally, we are of the opinion and belief that the subject seized items are being seized as substitute assets and not because they were used in the commission of any crime.  We do not know for certain what the basis for the forfeiture action is, because the Government has never stated a reason for the seizures.

      6.      This matter is easily resolved.  Allow Claimant **STRAMA** to regain possession of the 2012 Sea Vee Vessel with motors and trailer until the vessel is

ordered returned to him or order forfeited. At the time of either order, the vessel will have been maintained in better condition than if it were to remain in the hands of the Government.

## II. MEMORANDUM OF LAW

A. The Government has failed to provide a showing of good cause for an extension of time as required under The Civil Asset Forfeiture Reform Act ("CAFRA").

An asset subject to an administrative forfeiture proceeding pursuant to CARFA, 18 U.S.C. § 983, may remain in the government's custody for ninety (90) days. 18 U.S.C. § 983. During those ninety (90) days, the Government must file a civil forfeiture complaint, obtain a criminal indictment containing an allegation that the property is subject to forfeiture, or return the property. 18 U.S.C. § 983(a)(3). A court *may* extend the period for filing a complaint for good cause shown or upon agreement of the parties. *Id*. (emphasis added)

Courts discussing the meaning of "good cause" under 18 U.S.C. § 983(a)(3)(A*)* granted extensions for "inadvertent errors by the government" that resulted in a missed deadline. *See generally United States v. One Hundred Forty Thousand Dollars in U.S. Currency*, No. 06–CV–3247 (NG)(RLM), 2007 WL 2261650 (E.D.N.Y. Aug. 2, 2007); *Hammoud v. Woodard*, No. 05–74222, 2006 WL 381642 (E.D. Mich. Feb. 17, 2006); *United States v. $39,480.00 in U.S. Currency*, 190 F.Supp.2d 929 (W.D.Tex.2002); *Funds in the Amount of Three Hundred Fourteen Thousand Nine Hundred Dollars*, 2006 WL 794733. However, the government's failure to meet a filing deadline due to workload or inattention generally does not constitute good cause meriting an extension. *Id.*

Although this Court possesses the discretion to grant an extension, the Government bears the burden of establishing a basis for good cause.[1] In this case, this Court already granted the government's first motion for enlargement of time with a deadline of August 26, 2024. *See* ECF No. [6]. Now, the Government seeks an additional extension by fourteen (14) more days by merely quoting the text of 18 U.S.C. § 983(a)(3)(A), without proffering the basis for its good cause. ECF No. [7]. Accordingly, the Government failed to establish, let alone sufficiently establish, any basis for "good cause". *See* ECF No. [7]. Therefore, the Government's request for an extension should be denied.

> B. Pursuant to CAFRA, the Government must return Mr. Strama's seized property.

If the Government does not *either* file the civil forfeiture complaint *or* "(I) obtain a criminal indictment containing an allegation that the property is subject to forfeiture; and (II) take the steps necessary to preserve its right to maintain custody of the property as provided in the applicable criminal forfeiture statute," CAFRA requires that the Government "shall promptly release the property pursuant to regulations promulgated by the Attorney General, and may not take any further action to effect the civil forfeiture of such property in connection with the underlying offense." 18 U.S.C. § 983(a)(3)(B); *United States v. Palma*, 2021 WL 3081360, at *2 (E.D. Wis. May 27, 2021).

The Government singularly relies on *United States v. Palma* to incorrectly and improperly conclude that CAFRA does not impose a deadline to assert criminal

---

[1] Although the statute does not explicitly attribute the burden of proof to the government, the statute's application makes it such that the Government is the only conceivable party that is in the position to seize property and retain it pursuant to CAFRA.

forfeitures – a proposition that the *Palma* court outrightly dismisses as dicta. *See* ECF No. [7]. In *Palma*, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") agents seized over $520,000 in cash, the property at issue, after the defendant purchased firearms from an ATF agent in a parking lot. *Id*. at *1. On July 14, 2020, ATF sent the defendant a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings. *Id*.  On November 23, 2020, ninety-seven days after the filing of the Notice, the Government filed a civil forfeiture complaint. *Id*. On January 12, 2021, the Government filed a notice of voluntary dismissal of the civil case *and* the grand jury returned an indictment against the defendant. *Id*. On January 14, 2021, a magistrate judge issued ATF a warrant to seize the cash. *Id*. at 2. The court was confronted with "whether the fifty-seven-day gap during which arguably the Government was required under CAFRA to "promptly release" the property requires that now—post-criminal seizure—the court order the Government to release it." *Id*. at *7. The court held that the Government could maintain custody of the seized funds for the fifty-seven days between the civil complaint deadline and warrant because an independent basis existed for custody. *Id*. at *7. Namely, that the items seized- over $520,000 in cash, valuable jewelry and gold- were evidence that defendant, who worked at a tattoo shop and reported less than $10,000 in taxable income every year, was violating the law. *See Id*. at *8. Simply, the funds seized had evidentiary value. *See id.*2

The Government's broad assertion that CAFRA allows it to maintain custody indefinitely under the criminal forfeiture statute is premised on *Palma*, yet the *Palma*

---

[2] The Government in *Palma* did not even rely on CAFRA to maintain custody of the funds.

order expressly notes that under CAFRA, the Government was obligated to release the property. *Id.* at *3. Indeed, under CAFRA and *Palma*, the Government must promptly release property seized under CAFRA if it does not comply with the statute. *United States v. Palma* at *7. To be clear, in *Palma,* there were two (2) statutes and two forfeiture (2) proceedings at play: CAFRA, 18 U.S.C. § 983, which provides a procedure for nonjudicial civil forfeiture proceedings, and the criminal forfeiture statute, 21 U.S.C. § 853. Here, the government's authority to seize and hold Claimant **STRAMA'S** property is limited to the dictates of CAFRA given the Government has not initiated criminal proceedings against Claimant **STRAMA**. While both statutes are certainly correlated, the Government improperly conflates the two (2). In essence, the Government uses the two (2) interchangeably without any authority to that effect. The Government would have this Court believe that *Palma* stands for the proposition that CAFRA, a civil forfeiture statute with a strict statutory deadline, grants the government, at its leisure and on its own timeline, the power to assert criminal forfeiture at any time past the statutes' ninety (90) day deadline. It is plainly incorrect to interpret such a conclusion from the plain text of CAFRA and *Palma.*

Here, the 2012 Sea Vee vessel at issue is more accurately a substitute asset rather than evidence used in the commission of any crime. The government, absent a showing of good cause to this Court, cannot maintain custody of Mr. Strama's property pursuant to CAFRA because the ninety (90) day deadline has expired. Additionally, no independent or evidentiary basis exists to warrant either an indefinite hold, as proposed by the government, or even an additional extension of time. Therefore, the Government must promptly release Mr. Strama's property.

WHEREFORE, Claimant **JOHN STRAMA** prays this Honorable Court will deny the Government's Motion for a second extension of time.

Respectfully submitted,

**RABIN & LOPEZ, P.A.**
One Southeast Third Avenue
Suite 2600
Miami, FL 33131
Tel: 305•358•1064
Email: sjr@miamilawyer.com

s/ *Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.
Florida Bar № 273831

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 30th day of August 2024, a true and correct copy of the foregoing Response to Government's Motion for Clarification Regarding Order of United States' Motion for Enlargement of Time and for Enlargement of Time to Allege Forfeiture was furnished via the CM/ECF system to all parties designated to receive the electronic filings in this cause.

s/ *Samuel J. Rabin, Jr.*

SAMUEL J. RABIN, JR.